UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:10CR38 CDP |
| | ) |
| FREDERICK KRENNING, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on defendant's motions to suppress evidence and on his recently-filed motions for discovery.

Pursuant to 28 U.S.C. § 636(b), all pretrial motions were referred to United States Magistrate Judge Terry I. Adelman. Judge Adelman held an evidentiary hearing on the motion to suppress and then filed a Memorandum and Recommendation, which recommended that the motion be denied. Defendant Krenning has filed objections to the factual findings of Judge Adelman's recommendation.

I have conducted a *de novo* review of all matters relevant to the motion to suppress, including both reading the transcript of Judge Adelman's hearing and listening to the recording of that hearing. After careful consideration, I will adopt and sustain the findings and reasoning of Judge Adelman. At issue is whether the

testifying police officer could have really seen and recognized as contraband a black and clear capsule that he says defendant was holding in his hand. The evidence at the hearing showed that the police officer was approaching defendant and was only a step or so away from him when he saw the capsule. I agree with Judge Adelman that this testimony is credible and that there was, therefore, probable cause to arrest the defendant. Since the arrest was lawful, the subsequent pat-down that discovered the gun was also lawful, and I will deny the motion to suppress.

Defendant recently filed two discovery motions. I will deny the request for the firearm to be turned over to defendant's fingerprint examiner, as the government makes a valid point that the gun has been handled by so many different people since the time of its seizure that there is no likelihood that any probative value could come from conducting fingerprint tests at this time. I also am concerned that this motion was filed so close to trial, when it should have been filed months ago.

Despite the untimeliness of the second motion, I will grant it. In that motion defendant seeks unredacted versions of police reports that have been turned over to him in redacted form. Complying with this request is not burdensome, and there is a chance that evidence relevant to cross-examination or relevant to the

defense may be obtained if the unredacted reports are turned over.

Accordingly,

**IT IS HEREBY ORDERED** that the Memorandum and Recommendation of the United States Magistrate Judge [#39] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motion to suppress evidence [#22] is denied.

**IT IS FURTHER ORDERED** that defendant's motion to compel access to firearm [#48] is denied, and defendant's motion to compel production of unredacted police reports [#49] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2010.